UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
THE TRUSTEES OF THE SOFT DRINK       ECF
BREWERY WORKERS UNION, LOCAL 812
RETIREMENT FUND and THE SOFT DRINK &
BREWERY WORKERS UNION, LOCAL 812
RETIREMENT FUND,           **COMPLAINT**

         Plaintiffs.     19-CV-

   - against -

TRIBECA BEVERAGE, INC., and TOMPKINS
SQUARE DISTRIBUTORS, INC.,

         Defendants.
--------------------------------------------------------------------x

Plaintiffs, the Soft Drink & Brewery Workers Union, Local 812 Retirement Fund and the

trustees thereof (the "Fund"), by their attorneys, Cary Kane LLP, respectfully allege as

follows:

## NATURE OF THE ACTION

   1.    The Fund's Trustees (the "Trustees") bring this action in their capacities as

fiduciaries of the Fund against Tribeca Beverage, Inc. ("Tribeca") and Tompkins Square

Distributors, Inc. ("Tompkins")(collectively, the "Companies"), two former participating

employers which are under common control.  Both Tribeca and Tompkins owe the Fund

withdrawal liability payments pursuant to Sections 4201 through 4225 and 4301 of the

Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§

1381 through 1405 and 1451.

   2.    Tribeca and Thompkins are each jointly and severally liable for the other's

withdrawal liability payments pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b), and

Sections 414(b) and (c) and Section 1563 of the Internal Revenue Code of 1986, as amended ("the Code").

## JURISDICTION

3.     This court has original jurisdiction over the Fund's claims for payment of withdrawal liability pursuant to Sections 502(a) and (e) and Sections 4301(a) and (c) of ERISA, 29 U.S.C. §§ 1132(a) and (e), 1451(a) and (c).

## VENUE

4.     Because the Fund is administered at 445 Northern Boulevard, Great Neck, New York, which is within the Eastern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## THE PARTIES

5.     The Fund is an "employee pension benefit plan" and "multiemployer plan" as those terms are defined by Sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and 1002(37).  The Fund is administered at 445 Northern Boulevard, Great Neck, New York.

6.     The Plaintiff Trustees have been, at all times material hereto, the "plan sponsor" of the Fund, as defined by Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).  The Trustees are "fiduciaries" of the Fund, as defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7.     Tribeca was, at all times material hereto, an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. §1002(5), with offices located at 650 Brush Avenue, Bronx, New York.  As Tribeca is a corporation, it is not an infant, incompetent or in the military service.

8.      Tompkins was, at all times material hereto, an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. §1002(5), with offices located at 650 Brush Avenue, Bronx, New York.  As Tompkins is a corporation, it is not an infant, incompetent or in the military service.

9.      At all times material hereto, Tompkins was a trade or business under common control with Tribeca pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1).

10.     At all times material hereto, Tribeca was a trade or business under common control with Tompkins, pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1).

## RELEVANT FACTS

11.     At all relevant times, both of the Companies participated in the Fund and contributed to the Fund for those of their employees covered by collective bargaining agreements with Local 812 of the International Brotherhood of Teamsters (the "Union").

12.     In August 2018, Tribeca's obligation to contribute to the Fund ceased and it permanently ceased all operations under the Fund.  As a result, Tribeca incurred withdrawal liability within the meaning of Section 4201 of ERISA, 29 U.S.C. § 1381, et seq.

13.     In October 2018, Tompkins's obligation to contribute to the Fund ceased and it permanently ceased all operations under the Fund.  As a result, Tompkins incurred withdrawal liability within the meaning of Section 4201 of ERISA, 29 U.S.C. § 1381, et seq.

14.     Plaintiffs requested that the Fund's actuary determine, pursuant to Section 4213 of ERISA, 29 U.S.C. § 1393, the withdrawal liabilities owed by the Companies to the Fund.

15.     The Fund's actuary determined that Tribeca owed the Fund withdrawal liability in the amount of $202,437 which was payable in 80 quarterly installments of $2,616.75 each, with the first payment due on or before July 15, 2019.

3

16.     The Fund's office notified Tribeca of the withdrawal liability assessment and its payment schedule by letter of May 16, 2019 which was sent via certified mail and signed for by Tribeca.  The letter demanded payment in accordance with the payment schedule.

17.     The Fund's actuary determined that Tompkins owed the Fund withdrawal liability in the amount of $444,804 which was payable in 80 quarterly installments of $7,870 each, with the first payment due on or before July 15, 2019.

18.     The Fund's office notified Tompkins of the withdrawal liability assessment and its payment schedule by letter of May 16, 2019 which was sent via certified mail and signed for by Tompkins.  The letter demanded payment in accordance with the payment schedule.

19.     The notice of Tompkins' withdrawal liability which was sent to Tompkins constituted notice to Tribeca under Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1) since Tribeca was under common control with Tompkins.

20.     The notice of Tribeca's withdrawal liability which was sent to Tribeca constituted notice to Tompkins under Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1) since Tompkins was under common control with Tribeca.

21.     By letter dated August 12, 2019, the Companies timely requested review of the Fund's determinations of their withdrawal liability in accordance with Section 4219(b)(2) of ERISA, 29 U.S.C. §1399(b)(2).

22.     By letter dated September 4, 2019, Fund counsel advised the Companies that the Fund's determinations were correct and that the Fund would not revise its assessments of withdrawal liability against the Companies.

23.     The Companies did not initiate arbitration of the withdrawal liability assessments within the time permitted by Section 4221(a) of ERISA, 29 U.S.C. §1401(a).

24.     Under Section 4221(b)(1) of ERISA, 29 U.S.C.§ 1401(b)(1), the Companies waived their rights to contest the withdrawal liability assessments by failing to timely initiate arbitration.

25.     The Companies failed to make their first quarterly payments towards their withdrawal liabilities, which were both due July 15, 2019.

30.     By letter dated August 20, 2019, Fund counsel notified the Companies that they were in default of their initial quarterly payments and that, if the defaults were not cured in 60 days, the Fund would institute legal action to recover the unpaid withdrawal liabilities, interest, liquidated damages and the costs of collection.

31.     The Companies did not cure their defaults and, therefore, became liable to the Fund for the entire amounts of their withdrawal liabilities.

**FIRST CAUSE OF ACTION- FOR PAYMENT OF TRIBECA'S WITHDRAWAL**
**LIABILITY**

32.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 31 as if set forth fully herein.

33.     Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), Tribeca's default now obligates it to pay the Fund the entire amount of its withdrawal liability which totals $202,437.

34.     Pursuant to Sections 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and the Trust Agreement under which the Fund was established, Tribeca is also liable to the Fund for interest, liquidated damages, legal costs and attorneys' fees.

35.     Tompkins is a corporation under common control with Tribeca pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b), and as defined in Sections 414(b) and (c) and

4824-8818-7554, v. 1

Section 1563 of the Code, and is therefore jointly and severally liable to the Fund for Tribeca's

unpaid withdrawal liability, as well as interest, liquidated damages, costs and attorneys' fees.

## SECOND CAUSE OF ACTION- FOR PAYMENT OF TOMPKINS' WITHDRAWAL

## LIABILITY

36.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 35 as if set

forth fully herein.

37.     Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), Tompkins's

default now obligates it to pay the Fund the entire amount of its withdrawal liability which totals

$444,804.

38.     Pursuant to Sections 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and the Trust

Agreement under which the Fund was established, Tompkins is also liable to the Fund for

interest, liquidated damages, legal costs and attorneys' fees.

39.     Tribeca is a corporation under common control with Tompkins pursuant to

Section 4001(b) of ERISA, 29 U.S.C. § 1301(b), and as defined in Sections 414(b) and (c) and

Section 1563 of the Code and is therefore jointly and severally liable to the Fund for

Tompkins's unpaid withdrawal liability, as well as interest, liquidated damages, costs and

attorneys' fees.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a)     Judgment against Tribeca and Tompkins, jointly and severally, for the $202,437

in withdrawal liability assessed against Tribeca, plus interest, liquidated damages, legal costs

and attorneys' fees;

4824-8818-7554, v. 1

(b)      Judgment against Tribeca and Tompkins, jointly and severally, for the $444,804

in withdrawal liability assessed against Tompkins, plus interest, liquidated damages, legal costs

and attorneys' fees; and

(c)      Such other and further relief as the Court deems appropriate.


DATED: December 27, 2019
          New York, New York


                                        CARY KANE LLP

                                              /s/
                                        _____
                                        By:      Susan Bruno
                                        1350 Broadway, Suite 1400
                                        New York, New York  10018
                                        T: 212-868-6300
                                        F: 212-868-6302
                                        sbruno@carykane.com

                                        *Attorneys for Plaintiffs*

4824-8818-7554, v. 1