UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
THE TRUSTEES OF THE SOFT DRINK & :
BREWERY WORKERS UNION, LOCAL 812 :
RETIREMENT FUND and THE SOFT DRINK :
& BREWERY WORKERS UNION, LOCAL :
812 RETIREMENT FUND, :
 :
                          Plaintiffs, :
 :
 :
               -against- :
 :
TRIBECA BEVERAGE, INC., and :
TOMPKINS SQUARE DISTRIBUTORS, INC. :
 :
                        Defendants. :
------------------------------------------------------------ x

**MEMORANDUM AND ORDER**
19-cv-7254 (DLI)(RER)

**DORA L. IRIZARRY, United States District Judge:**

On December 27, 2019, The Trustees of the Soft Drink & Brewery Workers Union, Local 812 Retirement Fund and The Soft Drink & Brewery Workers Union, Local 812 Retirement Fund (collectively, "Plaintiffs") commenced this action under the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§ 1381 through 1405 and 1451, against Tribeca Beverage, Inc. and Tompkins Square Distributors, Inc. (collectively, "Defendants"), seeking damages consisting of unpaid withdrawal liability, interest, liquidated damages, attorney's fees, and costs. *See*, Compl., Dkt. Entry No. 1. On April 14, 2020, the Clerk of the Court entered notations of default against Defendants due to their failure to appear in this action. Dkt. Entry Nos. 11–12. On April 24, 2020, Plaintiffs moved for default judgment against both Defendants. Mot. for Default J. Against Both Defs., Dkt. Entry No. 13. On April 27, 2020, the Court referred the motion to the Honorable Ramon E. Reyes, Jr., U.S. Magistrate Judge, for a Report and Recommendation ("R & R"), which he issued on December 21, 2020, recommending

that Plaintiffs' motion be granted, and setting forth damages that should be awarded to Plaintiffs. *See*, R & R, Dkt. Entry No. 17.

On January 4, 2021, Defendants filed both a motion for an extension of time to object to the R & R or, alternatively, to move to vacate the notation of default and what was labeled as "Objection" to the R & R, but actually was a duplicate request for an extension of time to object to the R & R or move to vacate the notation of default. *See*, Dkt. Entry Nos. 19–20. By Electronic Order, the Court granted Defendants' extension request, struck the objections as improperly labeled and duplicative of the extension request, and extended the deadline to file objections or a motion to vacate to January 13, 2021. However, rather than taking either of these steps, on January 14, 2021, the day after the deadline to respond to the R & R had passed, Defendants filed a Notice of Removal (the "Notice"), pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure, seeking to remove this action to the Bankruptcy Court for the Southern District of New York ("BC SDNY"), where they have two pending bankruptcy petitions. *See*, Dkt. Entry No. 22. On January 27, 2021, Plaintiffs filed a Rule 9027(e)(3) Statement, which provides that they consent to the entry of final orders or judgments by the BC SDNY. For the reasons set forth below, the Notice is stricken and removal of this action to the Bankruptcy Court for the Southern District of New York is denied.

**LEGAL STANDARD**

Under 28 U.S.C. § 1452, "[a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334,

in turn, grants district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "The district courts may then refer such matters to the bankruptcy courts, which are units of the district court." *Onewoo Corp. v. Hampshire Brands, Inc.*, 566 B.R. 136, 143 (Bankr. S.D.N.Y. 2017). Unlike the general removal statute, 28 U.S.C. § 1441, which contemplates removal only from state court, the bankruptcy removal statute does not impose such a limitation. *See*, *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004) (citation omitted). The majority of removal cases in the Second Circuit involve removals from New York state courts to district courts, and the issue presented here appears to be one of first impression among the courts of the Second Circuit.

## DISCUSSION

Judges within the District Court for the Southern District of New York ("USDC SDNY") have held that a case may not be removed from it to the BC SDNY. *See*, *Harve Benard Ltd. v. Nathan Rothschild, K.I.D. Int'l, Inc.*, 2003 WL 367859, at *3-4 (S.D.N.Y. Feb. 19, 2003) (striking defendant's Notice of Petition for Removal seeking removal of a civil action from the USDC SDNY to the BC SDNY and noting that "[t]he notion of removing a case from this Court to itself defies logic . . . [and] contradicts the plain language of 28 U.S.C § 1452(a)[]"); *See also*, *Onewoo*, 566 B.R. at 143 (finding that "there was no basis to remove" a case from the USDC SDNY to the BC SDNY).

Here, Defendants seek removal of this action to the BC SDNY, not to the Bankruptcy Court for the Eastern District of New York ("BC EDNY"). Neither the Court of Appeals for the Second Circuit nor any district court in the Second Circuit squarely have addressed such a removal request. However, courts outside the Second Circuit have held that it is improper to remove a case

3

from one district court to a bankruptcy court in another district.  This Court finds these cases both instructive and persuasive.

The Bankruptcy Appellate Panel of the Ninth Circuit has held that § 1452 does not authorize removal of a case from a federal district court to a bankruptcy court in another district.  *See*, *In re Curtis*, 571 B.R. 441 (B.A.P. 9th Cir. 2017).  In *In re Curtis*, the defendants of a lawsuit in this court filed a bankruptcy petition in the Bankruptcy Court for the Central District of California ("BC CDCA") and subsequently sought to remove the case from this court to the BC CDCA, citing § 1452.  *Id.* at 443.

The BC CDCA granted the plaintiff's motion to strike the defendants' notice of removal, explaining that a party cannot "remove a district court lawsuit to another district court or to a bankruptcy court[]" because 28 U.S.C. § 1452 only authorizes removal of "a civil action to the district court where the civil action is pending."  Thus, to comply with § 1452, the defendants would have had to remove the lawsuit pending against them in this court to this court, which, of course, was "a nullity" because a lawsuit cannot be removed from and to the same court.  *Id.* at 444.

The defendants in *In re Curtis* appealed the BC CDCA's decision to the Ninth Circuit Bankruptcy Appellate Panel, which affirmed.  The Bankruptcy Appellate Panel cited "numerous trial courts" that had concluded that § 1452 does not permit removal of cases from federal district court to bankruptcy court and noted that "[t]here are virtually no published decisions to the contrary[.]"  *Id.* at 445 (citations omitted).  Moreover, the court found that: (1) the plain language of § 1452 does not support a finding that removal from district court to bankruptcy court is permissible; and (2) allowing such removal would "thwart the district courts' power to refer matters to bankruptcy courts."  *Id.*

As to the second point, the court explained:

> [T]he bankruptcy court's power to hear, or to hear and determine, as the case may be, bankruptcy cases and proceedings is entirely dependent upon the referral by the district court. Any interpretation of a statute that would imply that the bankruptcy courts had jurisdiction of bankruptcy cases and proceedings separate and independent from, or even co-equal to, the jurisdiction granted the Article III courts, or that would interfere with the Article III courts' exercise of that jurisdiction and judicial power through the system of referral to the bankruptcy courts, or that, as here, would permit bankruptcy courts to dispose of matters originating in the district courts in apparent derogation of the power of those courts to control their own proceedings, would be . . . a constitutional non-starter.

*Id.* at 447-48.

The Ninth Circuit Bankruptcy Appellate Panel concluded that § 1452 "intentionally applies only to removal to bankruptcy court from state court and certain federal courts but not district courts[]" and explained that the "proper procedure for transferring a case from a federal district court to bankruptcy court is to request a referral by the district court." *Id.* at 449 (citation omitted). Thus, because the defendants wished to transfer the case to a different district, "they would first need to request a change of venue from the Eastern District of New York to the Central District of California and then request a referral to the bankruptcy court for the Central District of California." *Id.*

Similarly, in *LMRT Assocs., LC v. MB Airmont Farms, LLC*, 447 B.R. 470 (E.D. Va. 2011), the District Court for the Eastern District of Virginia held that removal of a case filed in the District Court for the Eastern District of Virginia to the Bankruptcy Court for the District of Maryland fell "well outside the permissible bounds for removal" under § 1452. *Id.* at 473. The court found that the language of § 1452 precludes removal from district court to bankruptcy court, explaining:

> Significantly, [§ 1452] uses the term 'remove' and nowhere does it mention 'transfer.' These are terms of art in the law. 'Remove' is well understood to refer to moving a case from a state court to a federal court for the federal district in which the state court is located . . . The term 'transfer,' by contrast, is well understood and used in the federal law context to refer to moving a case from one federal district

5

> to another, with the transferee court typically in another federal district from the transferor court. Unlike removal, the transfer process requires prior judicial review and approval . . .

*Id*. at 472 (citations omitted). The court further noted that "Congress uses the terms 'removal' and 'transfer' to connote markedly different processes[,]" and that a "removal" operates to move an action from state court or "special federal courts, such as the Court of Federal Claims and the Court of Appeals for Veterans Claims," to federal district court. *Id.* at n.2 (citations omitted).

In the same vein as *In re Curtis* and *LMRT*, the District Court for the District of Idaho in *Los Angeles Home-Owners Aid, Inc. v. Lundahl*, 2005 WL 1140649 (D. ID. May 13, 2005), held that § 1452 does not authorize removal from one district court to another district court. There, the defendant filed a Notice of Removal seeking to remove cases from the District Court for the District of Utah and the District Court for the Central District of California to the District Court for the District of Idaho. In denying removal, the court explained:

> 28 U.S.C. § 1452 contemplates more than just the removal of actions from state courts to district courts (and from the district courts by referral to bankruptcy courts) . . . However, the statute must logically be interpreted as referring to the fact that proceedings from federal courts *other than district court* can be removed to district court, unless the federal proceeding in issue is pending in tax court, in which case Section 1452 prohibits it from being removed . . . . Thus, the bankruptcy removal statute authorizes removal of an action to district court from a court other than a district court, but not from one district court to another district court[.]

*Id*. at *1 (emphasis in original) (internal quotation marks and citation omitted).

These cases, as well as *Harve Benard*, 2003 WL 367859, and *Onewoo*, 566 B.R. 136, decided by the USDC SDNY and the BC SDNY, respectively, support a finding here that the Notice is improper. Accordingly, the Notice is stricken and removal is denied. Moreover, the Court notes that, despite being directed to respond to the R & R or move to vacate the notation of default by January 13, 2021, Defendants ignored the Court's Order and, instead, improperly filed the Notice the following day. Accordingly, Defendants have waived their right to object to the R

& R or move to vacate the default judgment. *See*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

## CONCLUSION

For the reasons set forth above, the Notice of Removal is stricken, and removal of this action to the Bankruptcy Court for the Southern District of New York is denied. Additionally, Defendants' right to object to the R & R or move to vacate notation of default is waived, and the Court will rule on the R & R separately.

SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2021

/s/
DORA L. IRIZARRY
United States District Judge